## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

THE ESTATE OF SHAWN LUCAS
SCHELLENGER, by and through
EXECUTOR JEFF SCHELLENGER, et al.,

               Plaintiffs,

v.

                                             Case No. 16-1215-JTM

HARTFORD CASUALTY INSURANCE
COMPANY,

               Defendant.

## MEMORANDUM AND ORDER

This diversity action stems from the aftermath of a tragic, multiple-fatality automobile accident involving plaintiffs' family members. Plaintiffs request a declaratory judgment that coverage exists under defendant's General Liability Policy for damages resulting from the accident. Defendant contends that plaintiffs cannot recover under the policy because specific exclusions apply, and further because they have already received the maximum payment under a separate Business Auto Policy by defendant's affiliate. This matter is before the court on the parties' cross-motions for summary judgment (Dkts. 25, 27). For the reasons provided below, the court grants defendant's motion for summary judgment, and denies plaintiffs' motion for summary judgment.

## I.    Uncontroverted Facts

The court finds the following facts to be uncontroverted for purposes of summary judgment.

On August 16, 2014, William Howard Baker d/b/a HB Landscaping (the "insured") was driving a pickup truck transporting a riding lawnmower on a trailer in the course and scope of his employment.  The trailer popped off its hitch, and the momentum of the trailer carried it into oncoming traffic.  The trailer collided with a motorcycle driven by Shawn Schellenger, along with Danielle Schellenger as a passenger.  Both died as a result of the accident.

The insured was covered by two insurance policies: Business Auto Policy No. 37 UEC AQ5579 SA ("BA Policy") and General Liability Policy No. 37 SBA AM1625 ("GL Policy").  Plaintiffs recovered the full policy limits under the BA Policy issued by defendant's affiliate, Sentinel Insurance Company, Limited, for damages caused by the accident.  However, plaintiffs' claim was denied by defendant under the GL Policy.

Additional facts will be related, as necessary, in connection with the court's analysis of defendant's motion.

## II.    Summary Judgment Standards

In diversity cases, the substantive law of the forum state (Kansas) governs the analysis of the underlying claims, but the court applies federal law in determining whether summary judgment is appropriate.  *Hill v. Allstate Ins. Co.*, 479 F.3d 735, 739 (10th Cir. 2007).  Summary judgment is appropriate if the moving party demonstrates that there is no genuine dispute as to any material fact, and the movant is entitled to

judgment as a matter of law.  Fed. R. Civ. P. 56(a).  A fact is "material" when it is essential to the claim, and the issues of fact are "genuine" if the proffered evidence permits a reasonable jury to decide the issue in either party's favor.  *Haynes v. Level 3 Communs.*, 456 F.3d 1215, 1219 (10th Cir. 2006).  The movant bears the initial burden of proof and must show the lack of evidence on an essential element of the claim.  *Thom v. Bristol–Myers Squibb Co.*, 353 F.3d 848, 851 (10th Cir. 2004) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986)).  The nonmovant must then bring forth specific facts showing a genuine issue for trial.  *Garrison v. Gambro, Inc.*, 428 F.3d 933, 935 (10th Cir. 2005).  The court views all evidence and reasonable inferences in the light most favorable to the non-moving party.  *LifeWise Master Funding v. Telebank*, 374 F.3d 917, 927 (10th Cir. 2004).

### III.    Discussion

Defendant's denial letter provided several grounds for denying coverage: (1) the auto exclusion; (2) the mobile equipment exclusion; and (3) exhaustion of the policy limit under the BA Policy precluded overlapping coverage from the GL Policy.  As the insurer, defendant bears the burden to establish that the GL Policy's auto and mobile equipment exclusions preclude coverage of the accident.  *See Union Ins. Co. v. Mendoza*, 374 F. App'x 796, 800 (10th Cir. 2010) ("Under Kansas law, an insurer bears the burden of proving that coverage is excluded.").  "To be enforced, policy exclusions must be specific and unambiguous."  *Cont'l Cas. Co. v. MultiService Corp.*, No. CIV A 06-2256-CM, 2009 WL 1788422, at *2 (D. Kan. June 23, 2009); *City of Salina, Kan. v. Md. Cas. Co.*, 856 F. Supp. 1467, 1476 (D. Kan. 1994) ("Under Kansas law, the court narrowly

construes restrictions or limitations of coverage.").  But courts should not strain to create an ambiguity where, in common sense, none exists.  *Newton v. Nicholas*, 887 P.2d 1158, 1164 (Kan. Ct. App. 1995).

### A. Exclusions

The GL Policy contains a Business Liability Coverage Form, which states that defendant will "pay those sums that the insured becomes legally obligated to pay as damages because of 'bodily injury', 'property damage' or 'personal and advertising injury' to which this insurance applies."  (Dkt. 26, at 6).  However, the Business Liability Coverage Form also contains an auto exclusion found in Section B.  Specifically, Section B excludes bodily injury or property damage arising out of the ownership, maintenance, or use of an auto.  "Use includes operation and 'loading or unloading'."  *Id.* at 7.  The term "auto" is defined as "a land motor vehicle, trailer or semi-trailer designed for travel on public roads, including any attached machinery or equipment."  *Id.*

Section B also contains a mobile equipment exclusion, and specifically excludes coverage for injuries and/or damages arising out of "[t]he transportation of 'mobile equipment' by an 'auto' owned or operated by or rented or loaned to any insured[ ] . . . ."  *Id.* at 8.  "Mobile Equipment" includes "vehicles designed for use principally off public roads" as well as "[v]ehicles maintained for use solely on or next to premises [the insured] own[s] or rent[s][.]"  *Id.*

### B. Liability

Plaintiffs do not dispute that the GL Policy contains these exclusions under Section B of the Business Liability Coverage Form, but argue that the insured's

negligent driving was not the sole cause of the accident.  Under Kansas law, "the theory of liability rather than the cause of the accident governs coverage."  *See Crist v. Hunan Palace, Inc.*, 89 P.3d 573, 577 (Kan. 2004) (holding automobile exclusion in general liability policy did not apply because plaintiff's claims of negligent supervision, training, or retention were separate and distinct theories of recovery from the use of an automobile).

Plaintiffs contend that the GL policy provides coverage under a separate theory of negligence for the insured's negligent business decisions, which included the following:

- Attaching the work trailer to a truck where the ball was worn down, thereby creating a significant amount of movement when the ball was placed in the receiver.

- Failing to attach safety chains to secure the trailer to the truck.

- Failing to tie down or otherwise secure the mower the insured loaded into his trailer.

- Loading the mower onto the back of the trailer, creating a seesaw effect and increasing the likelihood that the trailer would bounce of the truck.

Plaintiff argues that these negligent acts were completely independent of the operation, use, or maintenance of the truck and trailer, occurred while the insured was in the course of operating his business, and ultimately resulted in the trailer's detachment from the truck and the deaths of plaintiffs' heirs.

The court agrees that the insured's driving was not the sole cause the accident, but the actions described above cannot be separated from the insured's use of the truck and trailer.  *See Newton*, 887 P.2d at 1165.  ("The negligence which occurred in this case by hauling a water tank that had not been properly inspected or secured to the truck bed does not exist independent of the ownership, maintenance, use, and loading and unloading of the vehicle.").  Unlike a claim of negligent hiring and retention or supervision, the negligent acts that plaintiffs allege here are part and parcel of the insured's use of the truck and trailer.  *Cf. Marquis v. State Farm Fire & Cas. Co.*, 961 P.2d 1213, 1222 (Kan. 1998) ("The negligence alleged in this case is that of negligent supervision, hiring, or retention, which is negligence separate and distinct from negligence of the driver whose action caused the injury[] . . . [the] focus is upon the actions of someone other than the person whose negligence caused the injury.").  Furthermore, the insured's acts included loading and transporting a riding lawnmower; thus, the mobile equipment exclusion also applies.

The automobile and mobile equipment exclusions are unambiguous, and the court finds that they exclude coverage for the insured's negligent acts.[1]  A reasonable factfinder could not find that the exclusions were subject to a different meaning.  *See Farm Bur. Mut. Ins. Co. v. Winters*, 806 P.2d 993, 996 (Kan. 1991). ("[T]he test to determine whether an insurance contract is ambiguous is not what the insurer intends the language to mean, but what a reasonably prudent insured would understand the

---

[1] Because the court finds that the automobile and mobile equipment exclusions preclude coverage, the court will not address defendant's claims that the "dovetail theory" and anti-stacking provision preclude coverage.

language to mean."). Therefore, defendant is entitled to summary judgment on plaintiffs' claims.

IT IS THEREFORE ORDERED this 17th day of July, 2017, that defendant's motion for summary judgment (Dkt. 25) is GRANTED.

IT IS FURTHER ORDERED that plaintiffs' motion for summary judgment (Dkt. 27) is DENIED.

_____s/ J. Thomas Marten_____
J. THOMAS MARTEN, JUDGE